**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 06 2013, 9:19 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ERIN L. BERGER**
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**LORI S. BLACKFORD**
DCS, Vanderburgh County
Evansville, Indiana

**ROBERT J. HENKE**
DCS Central Administration
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

IN THE MATTER OF THE TERMINATION )
OF THE PARENT-CHILD RELATIONSHIP )
OF: J.D., J.D., J.D., L.D., AND La.D. (MINOR )
CHILDREN), AND J.D. (MOTHER), )
 )
    Appellant-Respondent, )
 )
        vs. ) No. 82A05-1206-JT-388
 )
THE INDIANA DEPARTMENT OF )
CHILD SERVICES, )
 )
    Appellee-Petitioner. )

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Brett J. Niemeier, Judge
Cause Nos. 82D01-1102-JT-27
82D01-1102-JT-28
82D01-1102-JT-29
82D01-1102-JT-30
82D01-1111-JT-148

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Appellant-Respondent J.D. ("Mother") appeals an order terminating her parental rights to J.D. (born in 2004), J.D. (born in 2006), J.D. (born in 2007), L.D. (born in 2008), and L.D. (born in 2011) (collectively, "the Children"), upon the petition of Appellee-Petitioner Vanderburgh County Department of Child Services ("DCS"). We affirm.

## Issue

Mother presents a single issue for review: whether the trial court abused its discretion by denying her request for a continuance until such time as her criminal appeal was resolved.

## Facts and Procedural History

In January of 2010, DCS received a report that Mother had locked the eldest of the Children, then five, outside the family apartment. A DCS family caseworker found several of the Children alone and unsupervised in the apartment; they were removed and subsequently found to be Children in Need of Services ("CHINS"). Mother subsequently gave birth to a fifth child, who was also found to be a CHINS. Mother was ordered to participate in reunification services; however, she appeared unable or unwilling to secure a stable residence, maintain contact with her caseworker, or develop appropriate expectations or empathy for the Children.

While in foster care, Mother's elder children began to describe horrific physical abuse

they had endured from Mother and sexual abuse from Mother and her male acquaintances.[1]

The Children were examined and the three eldest were found to have extensive scarring

consistent with physical abuse. Three of the girls had ruptured hymens; each of the four

eldest of the Children exhibited evidence of sexual trauma or penetration.

In February of 2011, Mother was charged with two counts of Child Molesting, as

Class A felonies,[2] and two counts of Battery, as Class D felonies.[3] Mother pled guilty to the

two counts of Battery and was convicted by a jury of one count of Child Molesting. She was

sentenced to thirty-five years imprisonment, to be fully executed.

DCS petitioned to terminate Mother's parental rights. An evidentiary hearing was

scheduled for March 6, 2012. According to Mother, before the presentation of evidence

commenced, she made an in-chambers request for a continuance of the termination

proceedings until such time as her criminal appeal was resolved.[4] The request for a

continuance was denied and the hearing proceeded. Mother's parental rights were

terminated; she now appeals.

**Discussion and Decision**

---

[1] For example, Mother tried to force one child into a heated oven as punishment; when the child balked, Mother held the child's hand over a hot burner. The Children were dragged, hit with shoes, and subjected to having objects inserted into their vaginas. Mother required her children to lie naked on the floor as she struck them with belts; in at least one instance, Mother struck a child's genitals with an electrical cord. She admitted to holding a fiery object near one child's vagina while threatening her. She also permitted an older sibling (not a subject of these termination proceedings) to participate in inflicting abuse.

[2] Ind. Code § 35-42-4-3.

[3] I.C. § 35-42-2-1.

[4] Mother does not direct us to documentation of this request; however, DCS does not contest Mother's contention that an oral request for a continuance was made in-chambers.

Mother does not challenge the sufficiency of the evidence to support the termination of her parental rights. Rather, Mother contends that the trial court erred in denying her motion to continue the termination hearing pending resolution of her criminal appeal and thus improperly terminated her parental rights.

A ruling on a non-statutory motion for a continuance is within the sound discretion of the trial court. J.M. v. Marion Cnty. Office of Family and Children, 802 N.E.2d 40, 43 (Ind. Ct. App. 2004), trans. denied. The trial court is afforded discretion to "act in accord with what is fair and equitable in each circumstance" and its decision will be reversed only upon a showing of an abuse of discretion and prejudice resulting from such an abuse." Id.

Here, Mother can show no prejudice resulting from the denial of her motion to continue the proceedings until resolution of her criminal appeal. On September 7, 2012, a separate panel of this Court affirmed Mother's criminal convictions and thirty-five-year aggregate sentence. Datcher v. State, 82A01-1111-CR-506 (Ind. Ct. App. Sept. 7, 2012). The Indiana Supreme Court denied Mother's petition for transfer.

Accordingly, Mother is subject to a thirty-five-year sentence of incarceration and will be unable to provide parental care during the Children's minority. She has shown no prejudice stemming from the denial of her in-chambers motion for a continuance, and has demonstrated no reversible error.

Affirmed.

VAIDIK, J., and BROWN, J., concur.

4